IN THE SEVENTH JUDICIAL CIRCUIT COURT
IN AND FOR FLAGLER COUNTY, FLORIDA

JASON BREZEE,

     Plaintiff,

vs.

CALIBER BODYWORKS OF FLORIDA,
LLC d/b/a CALIBER COLLISON
CENTERS,

     Defendant.

_____/

**Case No.**  2022 CA 000016

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **JASON BREZEE** (hereinafter "Plaintiff"), by and through his undersigned attorneys, and sues Defendant, **CALIBER BODYWORKS OF FLORIDA, LLC d/b/a CALIBER COLLISON CENTERS** (hereinafter "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of $30,000.00.

2.     Venue lies within this Judicial District because a substantial part of the events giving rise to this claim arose in Flagler County, Florida.

### INTRODUCTION AND OVERVIEW

3.     This is an action brought pursuant to the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), the Americans with Disabilities Act, as amended, (the ADA Amendments Act), ("ADAAA"), the Florida Civil Rights Act ("FCRA"), and the Families First Coronavirus

1

Response Act ("FFCRA").

Plaintiff seeks economic and non-economic relief and damages including but not limited to back pay, lost pay, front pay, lost insurance benefits, lost retirement benefits, lost stocks, emotional distress, pain and suffering, compensatory damages, punitive damages, equitable relief, injunctive relief and attorneys' fees and costs.

4.      All conditions precedent to bringing this action have occurred.

5.      Plaintiff timely filed a dual-charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). More than 180 days have passed since the filing of his charge and Plaintiff has received his Right to Sue and this lawsuit is timely filed.

**PARTIES**

6.      At all times material hereto, Defendant is/was a Foreign Limited Liability Company, licensed and authorized to conduct business in the State of Florida and doing business within Flagler County.

7.      Defendant is an "Employer" as defined by the laws under which this action is brought and employs hundreds of Employees.

8.      By definition, Defendant is an "Employer" as defined and pursuant to the laws under which this action is brought including, but not limited to the ADAAA, the FCRA, and the FMLA. Defendant had control over Plaintiff's job duties and work and served as Plaintiff's "Employer."

9.      Plaintiff is a resident of Flagler County, Florida and prior to his firing, worked for Defendant in Flagler County, Florida. At the time of his illegal firing, Plaintiff was earning a minimum of $150,000.00 not including benefits.

2

10.     At all material times, Plaintiff was/is a qualified individual with a disability, is a disabled individual under the ADAAA and FCRA, and suffers from physical disabilities. Further, at all material times, Plaintiff suffered from serious health conditions as defined under and pursuant to the FMLA. Further, Plaintiff is a qualified individual with a disability who, with an accommodation, could have performed the essential functions of his position. In addition, Defendant perceived Plaintiff to be disabled, discriminated against him, retaliated against him, and illegally believed that he could not perform a wide range of jobs.

11.     Plaintiff was an "Employee" for Defendant as that term is defined by the FMLA and he worked for the Defendant for the requisite number of months and hours to be considered eligible for FMLA leave. Plaintiff was also an "Employee" as that term is defined by the ADAAA, the FCRA and the Family First Coronavirus Act.

12.     At all times material hereto, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer. In fact, Plaintiff had received positive reviews and evaluations prior to the discrimination, retaliation, and harassment began.

13.     At all times material hereto, Defendant acted with malice and with reckless disregard for Plaintiff's state and federally protected rights. As a result, Plaintiff is seeking punitive damages in this lawsuit.

14.     Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay his counsel a reasonable fee for legal services.

15.     Plaintiff requests/demands a jury trial for all issues so triable.

16.     Defendant's reasons for his termination are a mere pretext for discrimination based upon his disability, and retaliation.

## FACTS RELATING TO PLAINTIFF

17.     Plaintiff is a 42-year-old married father of seven (7) children.

***Plaintiff Was a Stellar Employee With an Excellent Performance Record with Defendant.***

18.     Plaintiff began working for Defendant on May 16, 2016, and held various titles such as SA, Production Manager, CM Palm Coast, CM Atlantic Blvd., and then was promoted to Regional Manager in 2018.

19.     Plaintiff was a stellar employee who had great team building and leadership skills. His work product was excellent, he took locations that were not performing well and completely turned them around.

***Prior to Plaintiff's Request for FMLA Leave, Defendant Awarded Plaintiff the "Elite Award".***

20.     Defendant awarded Plaintiff the coveted Elite Award and Defendant flew Plaintiff to Texas to be presented with the award.

21.     Plaintiff was well-qualified for his position and received good performance reviews.  Before his firing, Plaintiff was making in excess of $150,000.00.

***Defendant knew about Plaintiff's serious health condition, need for medical treatments, and need for medical leave, and denied Plaintiff FMLA leave and or even provide him with FMLA materials.***

22.     Plaintiff informed Defendant of his need for medical treatments and Defendant was aware that Plaintiff had a serious health condition and disabling condition which required him to be under a doctor's care.  The serious health condition/disabling condition required Plaintiff to receive infusions every 8 weeks for Chron's disease.  As a result of the side-effects from the infusions, Plaintiff would usually require one day off on the day immediately following the infusion as he was physically unable to work.  In the history of Plaintiff's employment and despite

4

Defendant's knowledge of these serious medical conditions, disabilities and need for medical leave, Defendant never once offered Plaintiff FMLA leave, or provided him with FMLA paperwork advising him of his FMLA rights.

***Thirteen (13) Days Before Defendant Fired Him, Plaintiff Requested a Reasonable Accommodation and FMLA:***

23.    On or about March 20, 2020, due to his serious health conditions and disabling conditions, Plaintiff had a doctor's appointment.  Plaintiff's physician directed that he work from home for two weeks due to his serious health conditions and disabling conditions and due to the COVID 19 pandemic and his immune system.

24.    As a result, on March 20, 2020 Plaintiff submitted a doctor's note to Defendant and requested an accommodation to work from home for two weeks.  Other individuals in Plaintiff's same and identical position were routinely given the ability to work from home.

25.    On March 21, 2021, HR Director Rosa Martinez, VP Tom Sadler and Executive VP Peterson Santos called Plaintiff to discuss how Defendant would handle "my leave."

26.    On March 21, 2020, during the "leave" telephone call with HR and the other executives, Plaintiff requested FMLA leave, and HR Director Rosa Martinez advised that Plaintiff should indeed be given protected FMLA leave.  Notably, at no point did Defendant provide Plaintiff with any FMLA notice forms, FMLA designation forms or other required FMLA forms that the FMLA requires.

27.    However, during this "leave call," VP Tom Sadler and Executive VP Peterson Santos refused to consider Plaintiff's request for FMLA leave, advised Plaintiff should not be given FMLA – but should be required to use vacation time and PTO for the two weeks.

28.    Then, in the same call, to retaliate against Plaintiff, VP Sadler and VP Santos told

Plaintiff that he would still be required to work from home and use his vacation time and his PTO (despite the fact, that again, he would be working).

29.     Plaintiff next told Plaintiff that he could work remotely from home through April 6, 2020, however, he was required to submit sick time and vacation time requests even though he was expected to work, and he did.

30.     After the call, and obviously concerned about Defendant's denial of Plaintiff's FMLA leave request, HR Director Rosa Martinez advised Plaintiff that she would follow up with Defendant's Leave Department about his FMLA leave.  Despite being an employer covered by the FMLA, at all times material to this action, Defendant failed to maintain any policies relating to the FMLA, failed to inform its employee relating to the FMLA, and failed to follow all requirements of the FMLA.

31.     On March 23 and 24, 2020, Plaintiff worked from home as Plaintiff had conversations with his supervisors and employees about work as Defendant instructed him to do.

32.     Defendant then assured Plaintiff that his job was not in jeopardy.

33.     On March 25, 2020, Defendant terminated Plaintiff's access to his computer. Plaintiff reported to Defendant that his access to his computer had been cut off and Defendant said "not to worry about it – that he did not need to work while out sick."

34.     On April 2, 2020, Defendant terminated Plaintiff and told him during the firing that he was being fired due to his "needing medical treatments and accommodations for his health concerns…"  Defendant also admitted to Plaintiff that his firing had nothing to with his work performance or his metrics because his metrics were very good.  This is direct evidence of discrimination and retaliation.

35.     Two weeks after his termination, Defendant's former HR Manager, Rosa Martinez,

6

informed Plaintiff that she had been terminated and that Plaintiff should not have been terminated and he should seek counsel.

36.    Then, in further retaliation and discrimination towards Plaintiff, Defendant failed to pay Plaintiff vacation time owed to him, his earned wages, and sold his stocks without his permission.

37.    Defendant never offered FMLA or medical leave under the ADAAA to Plaintiff but fired him instead.

38.    Defendant's actions were intentional, willful, and malicious. Plaintiff is requesting punitive damages.

39.    Defendant's alleged reasons for firing Plaintiff are a pretext for discrimination and retaliation.

## COUNT I – DISABILITY DISCRIMINATION UNDER THE ADAAA AND FAILURE TO ACCOMMODATE UNDER THE ADAAA

40.    Plaintiff re-alleges and adopts paragraphs 1-39 as though set forth fully herein.

41.    Plaintiff is disabled and Defendant furthermore perceived Plaintiff as disabled and unable to perform a wide range of jobs.

42.    Defendant's pretextual decision to refuse to accommodate Plaintiff with medical leave, and to ultimately fire him was based upon his disabilities.  Further, Defendant illegally believed that Plaintiff could not perform any full-time position or a wide range of jobs.  Further, Defendant failed to accommodate Plaintiff's reasonable requests for accommodations and then fired him as a result of his requests.

43.    Plaintiff would not have been terminated but for these unlawful motives.  The reason given by the employer for the termination is false and pretextual.

7

44.     As a result of the unlawful discrimination described above, Plaintiff has suffered damages.  Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

45.     The discrimination described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

46.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay, lost pay, unpaid wages, and benefits including lost insurance, retirement, and stock;

b.     Interest on back pay;

c.     Front pay and/or lost earning capacity;

d.     Compensatory damages, emotional distress damages;

e.     Injunctive relief and reinstatement;

f.     Prejudgment interest;

g.     Punitive damages;

h.     Costs and attorney's fees;

i.     Such other relief as the Court may deem just and proper; and

j.     Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state and federal law.

## COUNT II – RETALIATION UNDER THE ADAAA

47.     Plaintiff re-alleges and adopts paragraphs 1-39 as though set forth fully herein.

48.     Plaintiff is disabled and Defendant perceived Plaintiff as disabled and unable to perform a wide range of jobs.

49.     Defendant engaged in protected activity by virtue of his requests for accommodations.  Defendant retaliated against Plaintiff based upon his requests for reasonable accommodations under the ADAAA and fired him.

50.     Defendant's decision to retaliate against Plaintiff and terminate Plaintiff from his employment was motivated and based upon his requests for accommodations.

51.     Plaintiff would not have been terminated but for these unlawful motives.  The reason given by the employer for the termination is false and pretextual.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay, lost pay, unpaid wages, and benefits including lost insurance, retirement, and stock;

b.     Interest on back pay;

c.     Front pay and/or lost earning capacity;

d.     Compensatory damages, emotional distress damages;

e.     Injunctive relief and reinstatement;

f.     Prejudgment interest;

g.     Punitive damages;

h.     Costs and attorney's fees;

i.     Such other relief as the Court may deem just and proper; and

9

j.      Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state and federal law.

## COUNT III – DISABILITY DISCRIMINATION UNDER THE FCRA

52.     Plaintiff re-alleges and adopts paragraphs 1-39 as though set forth fully herein.

53.     Plaintiff is disabled and Defendant furthermore perceived Plaintiff as disabled and unable to perform a wide range of jobs.

54.     Defendant's decision to demean and fire Plaintiff was based upon his disabilities. Defendant illegally believed that Plaintiff could not perform any full-time position or a wide range of jobs.    Further, Defendant failed to accommodate Plaintiff's reasonable requests for accommodations and then fired him as a result of his requests.

55.     Plaintiff would not have been terminated but for these unlawful motives.   The reason given by the employer for the termination is false and pretextual.

56.     As a result of the unlawful discrimination described above, Plaintiff has suffered damages.  Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

57.     The discrimination described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

58.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

10

a.  Back pay and benefits;

b.  Interest on back pay;

c.  Front pay and/or lost earning capacity;

d.  Compensatory damages, emotional distress damages;

e.  Injunctive relief and reinstatement;

f.  Prejudgment interest;

g.  Punitive damages;

h.  Costs and attorney's fees;

i.  Such other relief as the Court may deem just and proper; and

j.  Judgment for supplemental damages to offset the tax impact of lump sum damages awarded as provided under state and federal law.

### COUNT IV – RETALIATION UNDER THE FCRA

59.  Plaintiff re-alleges and adopts paragraphs 1-39 as though set forth fully herein.

60.  Plaintiff is disabled and Defendant perceived Plaintiff as disabled and unable to perform a wide range of jobs.

61.  Defendant engaged in protected activity by virtue of his requests for accommodations in the form of time off. Defendant retaliated against Plaintiff based upon his requests for reasonable accommodations under the ADAAA and FCRA and fired him.

62.  Defendant's decision to retaliate against Plaintiff and terminate Plaintiff from his employment was motivated and based upon his requests for accommodation.

63.  Plaintiff would not have been terminated but for these unlawful motives. The reason given by the employer for the termination is false and pretextual.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed

by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay;

    c.    Front pay and/or lost earning capacity;

    d.    Compensatory damages, emotional distress damages;

    e.    Injunctive relief and reinstatement;

    f.    Prejudgment interest;

    g.    Punitive damages;

    h.    Costs and attorney's fees;

    i.    Such other relief as the Court may deem just and proper; and

    j.    Judgment for supplemental damages to offset the tax impact of lump sum

damages awarded as provided under state and federal law.

## COUNT V – FMLA INTERFERENCE

64.    Plaintiff hereby re-alleges and adopts paragraphs 1-39 as though set forth fully herein.

65.    At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions which required him to take medical leave and time off as he was entitled to do pursuant to the FMLA.

66.    Plaintiff exercised his rights by advising Defendant that he suffered from a serious health condition and would need time off for care and treatment. Plaintiff was entitled to FMLA leave.

67.    Defendant failed to cooperate with Plaintiff in his attempt to exercise his FMLA rights and otherwise interfered with Plaintiff's attempt to exercise his FMLA rights.  Defendant

failed to provide notice to Plaintiff of his rights and inform or designate his leave as qualifying under the FMLA. Defendant then forced Plaintiff to take an unprotected sick leave and required him to work during the leave and use his vacation pay despite the fact he was working.

68.    Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2614(a)(1)(A) and 2615(a)(2).

69.    Defendant's actions were willful, malicious, knowing and voluntary, and otherwise done with reckless indifference for Plaintiff's rights.

70.    Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

a.    Enter a judgment that Defendant's interference of Plaintiff's rights was a violation of the FMLA;

b.    Enjoin and permanently restrain Defendant from further violations of the FMLA;

c.    Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay with interest, pension rights, and all benefits, or in the alternative, enter a judgment pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses she suffered as a direct result of Defendant's violations of the FMLA;

d.    Award front pay;

e.    Award liquidated damages;

g.    Award reasonable costs and attorneys' fees;

h.    Award prejudgment interest; and

i.    Award relief to which Plaintiff is entitled including but not limited to

equitable relief.

71.     As a result of the unlawful retaliation described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

72.     The retaliation described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

73.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

        a.        Back pay and benefits;

        b.        Interest on back pay;

        c.        Front pay and/or lost earning capacity;

        d.        Compensatory damages, emotional distress damages;

        e.        Injunctive relief and reinstatement;

        f.        Prejudgment interest;

        g.        Costs and attorney's fees;

        h.        Such other relief as the Court may deem just and proper; and

        j.        Judgment for supplemental damages to offset the tax impact of lump sum

damages awarded as provided under state and federal law.

## COUNT VI – FMLA RETALIATION

74.     Plaintiff hereby re-alleges and adopts paragraphs 1-39 as though set forth fully herein.

75.     At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions which required him to take medical leave and or intermittent leave as he was entitled to do pursuant to the FMLA.

76.     Plaintiff exercised his rights by requesting time off for one or more of his serious health conditions.  Plaintiff was entitled to FMLA leave.  Defendant Employer ignored his request and then retaliated against him for it.

77.     Defendant Employer retaliated against Plaintiff for exercising his FMLA rights by terminating him.

78.     Defendant Employer's actions were willful, malicious, knowing, and voluntary, and otherwise done with reckless indifference for Plaintiff's rights.

79.     Plaintiff was injured due to Defendant Employer's willful violations of the FMLA, to which he is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

a.     Enter a judgment that Defendant's retaliation against Plaintiff was a violation of the FMLA;

b.     Enjoin and permanently restrain Defendant from further violations of the FMLA;

c.     Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay with interest, pension rights, and all benefits, or the alternative, enter a judgment pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses she suffered as a direct result of Defendant's violations of the FMLA;

d.     Award compensatory damages to Plaintiff;

e.     Award back pay, with interest;

f.     Award liquidated damages;

g.     Award reasonable costs and attorneys' fees;

h.     Award relief to which Plaintiff is entitled including but not limited to equitable

relief; and

i.     Judgment for supplemental damages to offset the tax impact of lump sum damages

awarded as provided under state and federal law.

DATED this 11th day of January, 2022.

Respectfully submitted,

CHANFRAU & CHANFRAU, P.L.

*/s/ Kelly H. Chanfrau*
Kelly H. Chanfrau, B.C.S.
Florida Bar No. 560111
701 N. Peninsula Drive
Daytona Beach, FL 32118
P: 386-258-7313
F: 386-238-1464
E-mail: Kelly@chanfraulaw.com
Secondary: Melanie@chanfraulaw.com
COUNSEL FOR PLAINTIFF